UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIEL BERTA, on behalf of himself and all others similarly situated,<br><br>     *Plaintiff,*<br><br>  v.<br><br>BLUE STAR SECURITY, LLC, SECURITY SERVICES HOLDINGS LLC d/b/a PROTOS SECURITY and CHICAGO CUBS BASEBALL CLUB LLC,<br><br>     *Defendants.* | NO. 1:25-cv-11138 |
| JILL LICHTE, on behalf of herself and all others similarly situated,<br><br>     *Plaintiff,*<br><br>  v.<br><br>BLUE STAR SECURITY, LLC, SECURITY SERVICES HOLDINGS LLC d/b/a PROTOS SECURITY and CHICAGO CUBS BASEBALL CLUB LLC,<br><br>     *Defendants.* | NO. 1:25-cv-11230 |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF REASSIGNMENT, CONSOLIDATION, AND APPOINTMENT OF INTERIM CO-LEAD COUNSEL**

  Plaintiffs Gabriel Berta and Jill Lichte (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Motion to Reassign, Consolidate, and Appoint Interim Co-Lead Counsel and Memorandum in Support (the "Motion").

1

The above-captioned actions (the "Related Actions") all arise from the same conduct by Defendants Blue Star Security, LLC ("Blue Star"), Security Services Holdings LLC d/b/a Protos Security ("Protos") and Chicago Cubs Baseball Club LLC ("Chicago Cubs") (collectively, "Defendants") for their alleged unlawful collection, retention, storage and use of Plaintiff and Class members' biometric identifiers and biometric information without obtaining informed written consent or providing consumers with data retention and destruction policies.

To streamline litigation and preserve judicial resources, Plaintiffs respectfully move the Court to:

1. Reassign the Related Actions into the earliest filed action under Local Rule 40.4(c);

2. Consolidate the Related Actions, including any subsequently filed or transferred related actions, for all purposes under Federal Rule of Civil Procedure 42(a);

3. Appoint Raina C. Borrelli of Strauss Borrelli PLLC and Blake Hunter Yagman of Spiro Harrison & Nelson LLC as Interim Co-Lead Class Counsel under Federal Rule of Civil Procedure 23(g); and

4. Stay the Related Actions, including the responsive pleading deadlines, and require the filing of a consolidated class action complaint within 30 days of entry of an order granting the relief requested herein.

Counsel for Defendant has not yet appeared in the Related Actions and thus their position could not be obtained. *See* Joint Declaration of Counsel ("Joint Decl."), ¶ 3. For the reasons provided below, Plaintiffs respectfully request that the Court grant the Motion—and a proposed order is submitted as Exhibit A ("Ex. A").

I. **BACKGROUND**

On September 15, 2025, Plaintiff Gabriel Berta filed his class action complaint in this Court as *Berta v. Blue Star Security, LLC, et al.*, No. 1:25-cv-11138 (the "*Berta* Action").[1] Two days later, on September 17, 2025, Plaintiff Jill Lichte filed her class action complaint in this Court as *Lichte v. Blue Star Security, LLC, et al.*, No. 1:25-cv-11230 (the "*Lichte* Action").[2]

The *Berta* and *Lichte* Actions (i.e., the Related Actions) arise from the same alleged conduct by Defendants, namely the collection of Plaintiffs' and the putative Class's biometric identifiers and biometric information without obtaining consent. *Berta* Compl., ¶1, *Lichte* Compl., ¶1. Plaintiffs both attended Chicago Cubs games at Wrigley Field in Chicago, Illinois, and allege that Defendants collected their biometric identifiers and information. *Berta* Compl., ¶18, *Lichte* Compl., ¶18. Both Plaintiffs bring claims for violations of the Illinois Biometric Information Privacy Act, 740 ILCS 15(a) and (b), violations of the Illinois Consumer Fraud Act, 815 ILCS 505 (*et seq.*), and Unjust Enrichment/Restitution.

Moreover, Plaintiffs propose overlapping classes under Federal Rules of Civil Procedure 23(a) and (b)(3). *See Berta* Compl. ¶73, *Lichte* Compl., ¶73.

II. **ARGUMENT**

   A. **The Court should reassign the Related Actions.**

Under Local Rule 40.4(c), Plaintiffs respectfully request that the Court reassign the *Lichte* Action to the Honorable Edmond E. Chang — the presiding judge in the earliest-filed *Berta* Action. *See* N.D. Ill. L.R. 40.4(c). As explained below, reassignment is proper because Local Rules 40.4(a) and 40.4(b) are both satisfied. Joint Decl. ¶ 4.

---

[1] The *Berta* complaint is attached as Exhibit B (Ex. B).
[2] The *Lichte* complaint is attached as Exhibit C (Ex. C).

3

I. **Local Rule 40.4(a) is satisfied.**

Local Rule 40.4(a) provides that "civil cases may be related if *one or more* of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." N.D. Ill. L.R. 40.4(a) (emphasis added).

Here, Local Rule 40.4(a) is satisfied three times over—and prongs two, three, and four are met. Joint Decl. ¶ 5. For one, the Related Actions "involve some of the same issues of fact or law" (e.g., whether Defendants improperly collected the biometric information and identifiers of Plaintiffs and the putative Class). *Id.* ¶ 6. And the Related Actions all "grow out of the same . . . occurrence" (i.e., Defendants' collection of biometric information and identifiers). *Id.* ¶ 7. Finally, the proposed classes overlap—and thus, "one or more of the classes involved in the cases is or are the same." *Id.* ¶ 8.

In other words, the Related Actions share many "points of commonality" whereby the Related Actions, *inter alia*, (i) are against the same Defendant, (ii) arise from the same alleged conduct by Defendants, (iii) assert overlapping causes of action, (iv) allege the same injuries, and (v) propose overlapping nationwide classes under Federal Rules of Civil Procedure 23(a) and (b)(3). *Id.* ¶ 9; *see also* N.D. Ill. L.R. 40.4(c)(1) (requiring that the motion "set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related"). Thus, Local Rule 40.4(a) is satisfied. *Id.* ¶ 10.

II. **Local Rule 40.4(b) is satisfied.**

Local Rule 40.4(b) provides that "[a] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the

4

following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." N.D. Ill. L.R. 40.4(b).

Here, all four elements of Local Rule 40.4(b) are satisfied. Joint Decl. ¶ 11. **First**, the Related Actions are both pending in the Eastern Division of the Northern District of Illinois. *Id.* ¶ 12. **Second**, the "handling" of the Related Actions by the same judge would avoid duplicative efforts—thereby resulting in a substantial saving of judicial time and effort. *Id.* ¶ 13. **Third**, the earliest *Berta* Action is still in the early stages of litigation (i.e., the complaint was filed on September 15, 2025, and Defendant has not filed a response). *Id.* ¶ 14. Thus, the requested relief would not "likely [] delay the proceedings in the earlier case substantially[.]" *Id.* ¶ 15. **Fourth**, the "cases are susceptible of disposition in a single proceeding" because the Related Actions, *inter alia*, (i) are against the same Defendants, (ii) arise from the same alleged conduct, (iii) assert overlapping causes of action, (iv) allege the same injuries, and (v) propose overlapping classes. *Id.* ¶ 16. Thus, Local Rule 40.4(b) is satisfied. *Id.* ¶ 17.

In sum, Local Rules 40.4(a) and 40.4(b) are both satisfied, and the Court should reassign the *Lichte* Action to the Honorable Edmond E. Chang. *See* N.D. Ill. L.R. 40.4(c).

### B. The Court should Consolidate the Related Actions.

Under Federal Rule of Civil Procedure 42(a), when "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a). And courts have the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Texas Independent Producers*

*& Royalty Owners Association v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Here, consolidation is appropriate because the Related Actions involve common questions of law or fact. Joint Decl. ¶ 18. As detailed above, the Related Actions implicate common questions including, *inter alia*, whether Defendant violated the law by allegedly collecting Plaintiffs' and the Class's biometric information and identifiers without their consent. *Id.* ¶ 19.

Thus, the Court should consolidate the Related Actions and all other pending and future actions arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred to this District.

### C. The Court should appoint Interim Co-Lead Class Counsel.

Under Rule 23(g), "a court that certifies a class must appoint class counsel" after considering several factors. *See* Fed. R. Civ. P. 23(g)(1). Specifically, the court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A). Additionally, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B). Broadly speaking, class counsel must be "adequate." *See* Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class.").

Prior to certification, the court may also appoint "Interim Counsel." Fed. R. Civ. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."). In doing so, courts "have applied the same

6

considerations as set out in Rule 23(g)(1)(A), which governs the appointment of class counsel once a class is certified, to the designation of interim class counsel before certification." *In re Navistar Maxxforce Engines Mktg., Sales Practices & Prods. Liab. Litig.*, 2015 WL 1216318, at *1 (N.D. Ill. Mar. 5, 2015)).

As detailed below, the Rule 23(g)(1)(A) factors support the appointment of the proposed Interim Co-Lead Class Counsel. *Id.* ¶ 20. And the proposed Interim Co-Lead Counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4); Joint Decl. ¶ 23. In support, the firm resumes of the proposed Interim Co-Lead Counsel are attached as Exhibits D and E.

***First***, Rule 23(g)(1)(A)(i) supports appointment because proposed Interim Co-Lead Counsel already dedicated a substantial amount of time to identifying and investigating the viable claims arising from Defendants' collection of biometric information and identifiers. *Id.* ¶ 22. For example, proposed Interim Co-Lead Counsel already invested time researching the alleged conduct, interviewing potential class representatives, investigating the viability of the potential claims, and drafting the complaints. *Id.* ¶ 23.

***Second***, Rule 23(g)(1)(A)(ii) supports appointment because proposed Interim Co-Lead Counsel are highly experienced in complex class action litigation — and have significant experience litigating data privacy and biometric privacy class action cases specifically. *Id.* ¶ 24.

***Third***, Rule 23(g)(1)(A)(iii) supports appointment because proposed Interim Co-Lead Counsel have substantial "knowledge of the applicable law," having litigated numerous similar cases. *Id.* ¶ 25.

***Fourth***, Rule 23(g)(1)(A)(iv) supports appointment because proposed Interim Co-Lead Counsel have substantial "resources that counsel will commit to representing the class." *Id.* ¶ 30.

Specifically, Strauss Borrelli PLLC and Spiro Harrison & Nelson LLC are well-regarded law firms with national class action practices—and have a demonstrated history of successfully litigating complex class actions on a wholly contingent basis. *Id*. ¶ 27. In other words, proposed Interim Co-Lead Counsel have the necessary resources—both in terms of personnel and financial reserves—to litigate the Related Actions on a wholly contingent basis for the litigation. *Id*. ¶ 28.

### III. CONCLUSION

For the reasons described herein, Plaintiffs respectfully request that the Court (1) reassign the *Lichte* Action into the earliest filed *Berta* Action; (2) consolidate for all purposes the Related Actions including any subsequently filed or transferred related actions (3) appoint the proposed Interim Co-Lead Class Counsel; and (4) stay the Related Actions, including the responsive pleading deadlines, and require the filing of a consolidated class action complaint within 30 days of entry of an order granting the relief requested herein.

Dated: September 17, 2025

Respectfully submitted,

*/s/* Blake Hunter Yagman
Blake Hunter Yagman
**SPIRO HARRISON & NELSON LLC**
40 Exchange Place, Suite 1100
New York, NY 10005
Tel.: (929) 709-1493
Fac.: (973) 232-0887
*byagman@shnlegal.com*

Raina C. Borrelli
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: 872.263.1100
*raina@straussborrelli.com*

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated: September 17, 2025          Respectfully submitted,

/s/ *Blake Hunter Yagman*
Blake Hunter Yagman
**SPIRO HARRISON & NELSON LLC**
40 Exchange Place, Suite 1100
New York, NY 10005
Tel.: (929) 709-1493
Fac.: (973) 232-0887
byagman@shnlegal.com