UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIEL BERTA, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>BLUE STAR SECURITY, LLC, SECURITY SERVICES HOLDINGS LLC d/b/a PROTOS SECURITY, and CHICAGO CUBS BASEBALL CLUB LLC,<br><br>*Defendants.* | No. 1:25-CV-11138 |
| JILL LICHTE, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>BLUE STAR SECURITY, LLC, SECURITY SERVICES HOLDINGS LLC d/b/a PROTOS SECURITY, and CHICAGO CUBS BASEBALL CLUB LLC,<br><br>*Defendants.* | No. 1:25-CV-11230 |

ORDER

The plaintiffs in two separate cases, Gabriel Berta and Jill Lichte, have moved to reassign the higher-numbered case to the calendar of this judge, and then consolidate the cases and appoint their lawyers as Interim Co-Lead Counsel. No. 25-cv-11138, R. 3. As explained in this Order, given the almost complete overlap of factual

1

and legal issues, the request to reassign and to consolidate are granted. And, for now, the request to appoint the lawyers as Interim Co-Lead Counsel is granted.

1. Both cases allege that the Defendants violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, in the same place (Wrigley Field) and in the same way. The proposed class definitions are the same in both scope and time period. So the cases are "related" in every sense of the word, including under Local Rule 40.4(a).[1] And there is no doubt that the handling of both cases by the same judge will save resources, given that keeping the cases separate would simply mean duplicative effort by the lawyers, parties, and judges.

2. For those reasons, the Court recommends that, under Local Rule 40.4(c), the Executive Committee reassign *Lichte v. Blue Star Security, LLC et al.,* No. 1:25-cv-11230, to the calendar of this judge, who is presiding over the earliest-filed related action, *Berta v. Blue Star Security, LLC et al.*, No. 1:25-cv-11138.

3. Given the common questions of law and fact, under Federal Rule of Civil Procedure 42(a), the cases shall be consolidated for all purposes into the earlier-filed case, *Berta*. The Clerk of Court shall close *Lichte*, and all future filings shall be posted on the docket in *Berta*.

4. Under Civil Rule 23(g)(3), for now the Court appoints Raina C. Borrelli of Strauss Borrelli PLLC, and Blake Hunter Yagman of Spiro Harrison & Nelson LLC, as Interim Co-Lead Class Counsel. Those lawyers have worked up the cases and

---

[1] Indeed, the complaints are so similar, including nearly identical descriptions of Wrigley Field's history, compare Berta Cmplt. ¶¶ 28–29 with Lichte Cmplt. ¶¶ 28–29, that it seems like the plaintiffs could have been co-plaintiffs in one case from the start.

wrote the complaints, which of course necessitated the investigation of the facts and the legal theories. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). The lawyers have substantial experience in class actions generally and biometric-privacy class actions in particular. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii), (iii). The lawyers also represent that they have the resources to devote to the litigation and will represent the class on a contingency basis. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Nor is the Court aware of any other lawyers who wish to serve as interim lead counsel.

5. Interim Co-Lead Class Counsel shall have the duty to fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(4). Specifically, consistent with that duty and the authority to act on behalf of the proposed class, Fed. R. Civ. P. 23(g)(3), Interim Co-Lead Class Counsel shall have the following responsibilities, duties, and authority:

    a. To determine and present to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

    b. To coordinate the initiation and conduct of discovery on behalf of the Plaintiffs and the proposed class consistent with the requirements of the Federal Rules of Civil Procedure;

    c. To convene meetings amongst counsel;

    d. To conduct settlement negotiations on behalf of the Plaintiffs and the proposed class;

e. To delegate specific tasks amongst themselves and to other lawyers in their respective law firms (under their supervision) in a way to ensure that pretrial preparation for the Plaintiffs and the proposed class is conducted efficiently and effectively;

f. To negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g. To monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

h. To perform such other duties as may be necessary to the proper coordination of the Plaintiffs' pretrial activities or authorized by further order of this Court;

i. To serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

j. To ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

k. To communicate with defense counsel as necessary to promote the efficient advancement of this litigation;

4

5

   l. To make available to other Plaintiffs' counsel documents produced by the Defendants; and

   m. To allocate attorneys' fees and costs (if any), subject to appropriate court order.

 6. The Plaintiffs shall file a Consolidated Complaint on or before October 20, 2205.

                ENTERED:

                _____s/Edmond E. Chang_____
                Honorable Edmond E. Chang
                United States District Judge

DATE: September 19, 2025